IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-110-FL-1
No. 4:13-CV-130-FL

| | |
|---|---|
| MCCOY RICHARDSON, )   )
Petitioner, )   )
v. )   **ORDER**   )
UNITED STATES OF AMERICA, )   )
Respondent. ) | |

This matter is before the court on petitioner's motion to appoint counsel and for evidentiary hearing, (DE 61), as well as petitioner's motion for transcripts (DE 67). Also pending before the court, but not yet ripe for decision, are petitioner's motion to vacate sentence, under 18 U.S.C. § 2255 (DE 45), the government's motion to dismiss (DE 55), and the memorandum and recommendation of the magistrate judge (DE 60), to which petitioner has filed objections. (DE 62). The government has obtained an extension until May 25, 2015, to respond to petitioner's objections, which extension was granted in part to enable the government to obtain and review petitioner's sentencing transcript.

**COURT'S DISCUSSION**

A.      Motion to Appoint Counsel

With respect to the motion to appoint counsel, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so requires and the petitioner is financially unable to obtain representation. Under circumstances of

this case, however, the court finds that this case does not presently require appointment of counsel. Therefore, the motion for appointment of counsel is DENIED.

B.      Motion for Evidentiary Hearing

With respect to the motion for evidentiary hearing, the Rules Governing 2255 Proceedings provide that, if a § 2255 motion is not dismissed, the court must review the record to determine whether an evidentiary hearing is warranted. In this case, the magistrate judge has recommended granting the government's motion to dismiss, without evidentiary hearing. Accordingly, at this time, where objections to the magistrate judge recommendation are not yet ripe for ruling, an evidentiary hearing is not warranted. Therefore, the motion for evidentiary hearing is DENIED, without prejudice to its renewal should the § 2255 motion not be dismissed.

C.      Motion for Transcripts

With respect to the motion for transcripts, petitioner seeks to have transcripts prepared of his plea hearing and his sentencing hearing, stating that he lacks sufficient funds to have transcripts prepared. Under the circumstances of this case, the court construes the motion as containing two separate categories of relief. First, petitioner seeks to have transcripts prepared. Second, petitioner seeks to have copies of such transcripts provided to him. The court will address each category of relief in turn.

1.      Preparation of Transcripts

Concerning the preparation of transcripts, the court notes that a sentencing transcript has already been prepared and filed partly under seal on the docket. (See DE 65 & 66). Based upon the government's motion for extension of time to respond to objections, it appears that the government requested preparation of the transcript. Therefore, where a sentencing transcript has already been prepared and filed, petitioner's request to have a sentencing transcript prepared is DENIED as moot.

While no transcript of the arraignment hearing has yet been prepared or filed, based upon the claims and arguments raised the court finds that preparation of transcript of the arraignment hearing will advance the adjudication of this matter. Therefore, on the court's initiative, pursuant to 28 U.S.C. § 753(b), the court DIRECTS the clerk to obtain and file by **June 3, 2015,** a transcript of the court's April 12, 2012, arraignment hearing. As the court has determined on its own initiative that a transcript of the arraignment hearing is necessary, petitioner's request to have an arraignment transcript prepared is DENIED as moot.[1]

2. Copies of Transcripts

Remaining for present decision is the issue whether petitioner may be entitled to free copies of the sentencing transcript, now filed, and the arraignment transcript, once it is filed. While a litigant generally must pay the court reporter a fee to have a transcript produced at his request, a court reporter "shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court." 28 U.S.C. § 753(f). As noted on the docket in this case, the sentencing transcript has been made part of the records of the court, and it already is available for viewing at the court public terminal. (See DE 66). Section 753(f), however, does not address the circumstances under which the court may provide paper copies to an indigent prisoner of transcripts already filed in the docket of the case.

---

[1] Because the court has determined that preparation of a transcript is warranted pursuant to 28 U.S.C. § 753(b), the court need not address whether petitioner has made the requisite showing under 28 U.S.C. § 753(f) to have transcripts prepared solely upon his request. The circumstances under which the court may provide an indigent criminal defendant a copy of a transcript upon his request are addressed by 28 U.S.C. § 753(f). Specifically, § 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); see United States v. MacCollum, 426 U.S. 317, 326 (1976). An indigent defendant must make a showing of a particularized need to obtain a free transcript. See, e.g., United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

3

Pursuant to 28 U.S.C. § 1914, in addition to filing fees, "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). With respect to fees for copies, the Judicial Conference Schedule of Fees appended to the statute states that the following copying fee, among other fees, "are to be charged for services provided by the district courts." Id. (District Court Miscellanous Fee Schedule, Effective December 1, 2014):

> [] For reproducing any record or paper, $.50 per page. This fee shall apply to paper copies made from either: (1) original documents; or (2) microfiche or microfilm reproductions of the original records. This fee shall apply to services rendered on behalf of the United States if the record or paper requested is available through electronic access.

Id. Thus, as a general rule, the court must charge $.50 per page to provide paper copies of documents filed on the record in a case.

Nevertheless, reading § 753 together with § 1914, where transcripts have already been filed or will be filed at the direction of the court,[2] in light of the claims presented, and in the interest of efficient disposition of the motions and objections presently before the court, the court DIRECTS the clerk to mail to petitioner a copy of the sentencing transcripts filed at DE 65 and DE 66, and the court DIRECTS the clerk to transmit to petitioner a copy of the arraignment hearing transcript when it is filed.

D.   Extension of Time

In light of the time delay involved in production and transmission of the arraignment transcript, the court on its own initiative EXTENDS the time for government response to petitioner's objections to **June 10, 2015.** Petitioner may file a reply, if any, on or before **June 24, 2015.**

---

[2] The court notes also that the transcripts sought are not voluminous, or will not be voluminous. The combined sentencing transcripts, for example, total 24 pages.

Thereafter, the court will take up the § 2255 motion, the motion to dismiss, and the memorandum and recommendation of the magistrate judge.

## CONCLUSION

Based on the foregoing:

1) Petitioner's motion to appoint counsel (DE 61) is DENIED.

2) Petitioner's motion for evidentiary hearing (DE 61) is DENIED.

3) Petitioner's motion for transcripts (DE 67) is GRANTED IN PART and DENIED IN PART as moot, as set forth herein.

4) The clerk of court is DIRECTED to obtain and file by **June 3, 2015,** a transcript of the court's April 12, 2012, arraignment hearing.

5) The clerk of court is DIRECTED to mail to petitioner a copy of the sentencing transcripts filed at DE 65 and DE 66, and the court DIRECTS the clerk to transmit to petitioner a copy of the arraignment hearing transcript when it is filed.

6) The court on its own initiative EXTENDS the time for government response to petitioner's objections to **June 10, 2015.** Petitioner may file a reply, if any, on or before **June 24, 2015.**

SO ORDERED, this the 13th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge