IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-110-FL
No. 4:13-CV-130-FL

| | |
|---|---|
| MCCOY RICHARDSON, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | ORDER |

This matter comes before the court upon petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255 motion") (DE 45), and the government's motion to dismiss or for summary judgment (DE 53). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred to United States Magistrate Judge James E. Gates, for memorandum and recommendation ("M&R") regarding the motions. Petitioner filed objections to the M&R and the government responded. In this posture, the issues raised are ripe for ruling. For the following reasons, the government's motion is granted, and petitioner's § 2255 motion is denied.

## BACKGROUND

On October 25, 2011, petitioner was charged in a four count indictment with drug trafficking offenses. On April 12, 2012, he pleaded guilty pursuant to a written plea agreement to Count 1, charging conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 846. Pursuant to the plea

agreement the government agreed to dismiss Counts 2 through 4. On July 18, 2012, the court sentenced the defendant to a term of imprisonment of 150 months, departing downward from the guidelines imprisonment range of 188 to 235 months, upon the government's motion under USSG § 5K1.1.

Petitioner did not appeal. On May 20, 2013, petitioner filed the present § 2255 motion. Petitioner claims prosecutorial misconduct. In particular he alleges:

(1) the prosecution "knowingly allowed a detective to testify falsely before the grand jury regarding 85 grams of cocaine base" and encouraged false testimony from Detective Rose Edmonds (DE 45-1 at 1, 4-5);

(2) the prosecution failed "to disclose evidence of Detective Edmonds['s] prior background" of criminal misconduct (DE 45-1 at 3, 5);

(3) the prosecution "allowed an incomplete and misleading record to be presented regarding several important issues" (DE 45-1 at 5-6).

Petitioner asserts that these actions rendered his plea and sentence fundamentally unfair and improper. The Government responded to petitioner's motion with the instant motion to dismiss or, alternatively, for summary judgment. The government asserts petitioner's claims fail for lack of merit.

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a

2

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

In the context of a §2255 motion, "[w]hen the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue [of fact]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In a § 2255 proceeding, the court must "review the facts in the light most favorable to the § 2255 movant." Poindexter, 492 F.3d at 267. Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to [grant summary judgment] when the necessary inference is so

4

tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted).

B.  Analysis

  1.  Prosecutorial Misconduct Prior to Plea

The magistrate judge correctly determined that petitioner's claims alleging prosecutorial misconduct prior to his guilty plea are without merit. With respect to petitioner's claim that the prosecution knowingly allowed Edmonds to falsely testify before the grand jury regarding certain drugs, petitioner's guilty plea precludes a finding of prejudice. See United States v. Hefner, 842 F.2d 731, 733 (4th Cir. 1988) (holding that guilty plea precluded a showing of prejudice from alleged defect in grand jury proceedings); see also United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (stating that "a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made at arraignment).

Petitioner's sworn representations as to his guilt to the charged offense made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984) (footnote omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." United States v. Timmreck, 441 U.S. 780, 784 (1979).

5

With respect to petitioner's claim that the government failed to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), petitioner's guilty plea again forecloses petitioner's claim. Because petitioner admitted at arraignment that he is in fact guilty of the offense with which he was charged, he is barred from raising an independent claim related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. See United States v. Ruiz, 536 U.S. 622, 629 (2002); Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).

In addition, petitioner has not alleged facts to establish a Brady violation or prosecutorial misconduct that would render his plea fundamentally unfair. For example, petitioner suggests that the prosecution failed to disclose "potential criminal activity" by Edmonds as reported in a news article in 2013. (DE 45-2). But there is no allegation that such conduct pre-dated petitioner's plea. Nor is there any allegation that such criminal activity by Edmonds, or other charged conduct noted by the government (DE 54-2), related at all to petitioner's case. In addition, petitioner suggests summarily that the prosecution failed to disclose "criminal acts" committed by Edmonds in 1998. (DE 58 at 2-3). Petitioner's allegations as to criminal conduct in 1998, however, are devoid of specificity and connection to the prosecution of this case.

In this respect, the facts alleged by petitioner here are distinguishable from those found determinative to a claim premised upon an invalid guilty plea in United States v. Fisher, 711 F.3d 460 (4th Cir. 2013). There, the Fourth Circuit held that a defendant was entitled to withdraw his guilty plea when both he and the government later discovered that the "law enforcement officer responsible for the investigation that led to the defendant's arrest and guilty plea himself later pled guilty to having defrauded the justice system in connection with his duties as an officer," which

conduct "underpinned the search warrant for the defendant's residence." Id. at 469. Characterizing the case before it as "extraordinary," id. at 462, the court noted that the "case present[ed] highly uncommon circumstances in which gross police misconduct goes to the heart of the prosecution's case." Id. at 466. The court distinguished the case from one where a "[d]efendant sought to withdraw his plea merely because he discover[ed] long after the plea ha[d] been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." Id. (quotations omitted).

Unlike in Fischer, petitioner has not alleged that the alleged criminal conduct by Edmonds related specifically to the police investigation that underpinned the government's evidence in this case. In this manner, petitioner has not alleged exculpatory evidence so extraordinary as to undermine the knowing and voluntary nature of his plea.

Accordingly, petitioner's claim based upon prosecutorial misconduct prior to his plea must be denied.

2. Prosecutorial Misconduct at Sentencing

Petitioner suggests that the prosecution failed to disclose to him that the drug weight attributed to him at sentencing was flawed, where it was based on testimony or evidence produced by Edmonds. Petitioner again, however, has failed to show prejudice from any failure by the government to disclose misconduct of Edmonds. Petitioner suggests, for example, that a portion of the drug quantity attributed to him at sentencing was based upon controlled buys in which Edmonds participated, or statements recorded by Edmonds.

As an initial matter, petitioner does not allege how Edmonds behaved inappropriately in this case, nor does he provide any facts upon which reasonably so to infer. In addition, even discounting

7

all of the evidence of drug quantity for which Edmonds had any involvement (e.g., controlled buys and statements recorded by Edmonds, PSR ¶9), petitioner has not demonstrated that his sentence was incorrect. Holding petitioner accountable only for 28 grams cocaine base, being the drug quantity to which he pleaded guilty, he still would have been subjected to a base offense level 26 (see USSG § 2D1.1(c)(7) (2011)), enhanced to offense level 34 under the career offender guideline (see § 4B1.1(b)), yielding a total offense level 31 with guidelines range 188 to 235 months as previously calculated (see DE 35 at 12-13). Thus, the drug quantity had no impact on petitioner's guideline range.

Moreover, the drug quantity did not have any bearing on the court's overall sentencing calculation. Rather, the court began its consideration of the government's 5K motion by "starting at the low end of the guidelines" then departing downward based upon substantial assistance to 150 months. (DE 65 at 10). In determining the extent of departure and the appropriate sentence in this matter, the court emphasized twice that the instant offense was petitioner's "tenth felony drug conviction" and remarked as to the significant length of time petitioner has been involved in drug trafficking. (Id. at 10-11; DE 66 at 5). Drug quantity attributed to petitioner, beyond the amount set forth in the indictment, did not factor into this analysis.

Accordingly, in light of all the circumstances, petitioner has failed to allege prejudice resulting from the prosecution's failure to disclose allegedly exculpatory evidence at sentencing. Therefore, petitioner's prosecutorial misconduct claim based thereon must be denied.

3.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists

8

could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

CONCLUSION

Based on the foregoing, the court ADOPTS the M&R. The government's motion to dismiss (DE 53) is GRANTED and petitioner's § 2255 motion (DE 45) is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this the 15th day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

9

Case 4:11-cr-00110-FL   Document 71   Filed 07/16/15   Page 9 of 9